# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Jacob Rankin                                   :
3733 Richard Ave.                              :
Grove City, Ohio 43123                         :     Civil Action No. 2:17-cv-6
                                               :
-and-                                          :     Judge
                                               :
Joseph Freitas, Jr.                            :     Magistrate Judge
4315 State Route 203                           :
Radnor, Ohio 43066                             :     **JURY DEMAND ENDORSED HEREON**
                                               :
       Plaintiffs,        :
                                               :
   v.                              :
                                               :
Echo 24, Inc.                                  :
167 Cypress St. SW                             :
Reynoldsburg, Ohio 43068                       :
                                               :
-and-                                          :
                                               :
Anthony J. Gunter                              :
361 Killarney Dr.                              :
Pataskala, Ohio 43062                          :
                                               :
       Defendant.        :

## <u>COMPLAINT</u>

Now come Jacob Rankin and Joseph Freitas, Jr. (collectively "Plaintiffs") and proffer this

Complaint for damages against Echo 24, Inc. ("Defendant Echo") and Anthony J. Gunter

("Defendant Gunter") (collectively referred to as "Defendants") as follows:

## I.    JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into employment relationships with Defendant in the Southern District of Ohio and Defendants have done substantial business in the Southern District of Ohio and are located in the Southern District of Ohio.

## II.   PARTIES

4.      Plaintiff, Jacob Rankin (hereafter individually "Rankin"), is an individual, a United States Citizen, and a resident of the State of Ohio.

5.      At all times relevant herein, Rankin was an employee of Defendant as defined in the FLSA, the Ohio Wage Act, the OPPA, and Ohio Constitution Art. 2 §34a.

6.      Plaintiff, Joseph Freitas, Jr. (hereafter individually "Freitas"), is an individual, a United States Citizen, and a resident of the State of Ohio.

7.      At all times relevant herein, Freitas was an employee of Defendant as defined in the FLSA, the Ohio Wage Act, the OPPA, and Ohio Constitution Art. 2 §34a.

8.      At all times relevant herein, Plaintiffs were covered, non-exempt employees of Defendants who, pursuant to Section 7 of the FLSA, were required to receive not less than one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours.

9.      At all times relevant herein, Plaintiffs were entitled to receive not less than one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours.

10.     Defendant Echo 24, Inc. (hereafter "Defendant Echo") is an Ohio for-profit corporation with its principal place of business in the Southern District of Ohio. Defendant Echo operates a structured cabling telephony and fiber optic services business.

11.     Defendant Anthony J. Gunter (hereafter "Defendant Gunter") is a citizen of the state of Ohio and the President of Defendant Echo.[1]

12.     Defendants are actively doing business, jointly and individually, in this judicial district. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Wage Act, the OPPA, and Ohio Constitution Art. 2 §34a.

13.     During relevant times, Defendants maintained control, oversight, and direction over Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

14.     During relevant times, Defendant Echo and Defendant Gunter have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

15.     During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and other similarly situated employees.

16.     During relevant times, Defendants shared the services of Plaintiffs and other similarly situated employees.

17.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and those similarly situated.

_____

[1] http://www.echo24.com/about-echo24.php

18.    Upon information and belief, Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19.    During relevant times, Defendant Gunter has jointly owned, operated and/or managed Defendant Echo.

20.    During relevant times, Defendant Gunter has been jointly involved in the operational decisions of Defendant Echo.

21.    During relevant times, Defendant Gunter has been jointly involved in the employment decisions of Defendant Echo, including, but not limited to, decisions about Defendants' wage and hour policies and practices that affect Plaintiffs and all other similarly situated employees.

22.    Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

23.    During relevant times, Defendants had knowledge of and acted willfully in regard to its conduct described herein.

24.    Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages and/or did not properly maintain such records.

### III.    FACTUAL BACKGROUND

25.    In or around July 2015, Defendants hired Rankin as full-time, non-exempt system technician for Defendants' structured cabling telephony / fiber optic services business. Rankin worked for Defendants in that capacity until his employment ended in or around May, 2016.

26.    During this period, Rankin regularly worked in excess of forty (40) hours per workweek, but was not paid at 1.5 times his regular rate for certain hours worked over forty (40).

27.    Defendant instructed Rankin to alter his timesheets so they would not reflect his actual hours worked. Rankin was often told to document that he only worked forty (40) hours each workweek even though he worked more. On other occasions when he was permitted to record overtime hours worked, Defendant instructed Rankin to record fewer hours on his timesheets than he actually worked.

28.    In or around September 2010, Defendant Echo hired Freitas as full-time, non-exempt system technician for Defendant Echo's structured cabling telephony / fiber optic services business. Freitas worked for Defendant in that capacity until his employment ended in or around October, 2016.

29.    During this period, Freitas regularly worked in excess of forty (40) hours per workweek, but was not paid at 1.5 times his regular rate for certain hours worked over forty (40).

30.    Defendant instructed Freitas to alter his timesheets so they would not reflect his actual hours worked. Like Rankin, Freitas was also often told to document that he only worked forty (40) hours each workweek even though he worked more. On other occasions when he was permitted to record overtime, Defendant also instructed Freitas to record fewer hours on his timesheets than he actually worked.

### A. Westminster, Colorado Project

31.    In or around December 2015, Defendant sent Rankin and Freitas to Westminster, Colorado to work on a project for Defendant installing data cable, data fiber, telephone lines, speakers, and televisions for a new call center ("Westminster Project").

32.    Prior to their traveling to Colorado for the Westminster Project, Defendant gave Plaintiffs a strict deadline of February 10, 2016 for completion of the project.

33.    Defendants further instructed Plaintiffs that they were only permitted to record a maximum of fifty (50) hours per workweek while on the Westminster Project regardless if Plaintiffs worked more than fifty (50) hours during any workweek.

34.    Because of the amount of work the Westminster Project entailed, Plaintiffs were required to work well in excess of 50 hours in workweeks to complete the Westminster Project by Defendants' February 10, 2016 deadline.

35.    Defendants knew that Plaintiffs were working more than 50 hours in workweeks.

36.    Nevertheless, Defendants only compensated Plaintiffs for up to 50 hours for each workweek of the Westminster Project. Defendants refused to pay Plaintiffs for hours worked in excess of 50 during the Westminster Project.

37.    After completing the Westminster Project, Plaintiff Rankin requested a meeting with his supervisors and Defendant Gunter to discuss Plaintiffs' unpaid overtime and other pay issues with Defendants.

38.    During the meeting, Plaintiff Rankin verbally complained about not being paid for all Plaintiffs' hours worked on the Westminster Project. However, Defendants summarily dismissed Plaintiff Rankin's complaint and refused to properly compensate Plaintiffs for all hours worked.

39.     The Westminster Project is but one example of the occasions when Defendants knew Plaintiffs and other similarly situated employees worked over 40 hours in a workweek, but nevertheless refused to compensate them for all hours worked.

## IV.     CAUSES OF ACTION

<u>**FIRST CAUSE OF ACTION**</u>
**FLSA –UNPAID OVERTIME**

40.     All of the preceding paragraphs are realleged as if fully rewritten herein.

41.     This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

42.     The FLSA requires employers to pay non-exempt employees 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in any workweek. 29 U.S.C. § 207(a)(1).

43.     The FLSA requires that covered employees be compensated for every hour worked in a workweek.  See 29 U.S.C. § 206(b).

44.     Plaintiffs were covered employees entitled to the FLSA's protections.

45.     Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  See 29 C.F.R. §§ 541.0, et seq.

46.     Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "learned professional" employees, as that term is defined under the FLSA. See 29 CFR § 541.301.

47.     Defendants jointly employed Plaintiffs.

48.     Defendants are covered employers required to comply with the FLSA's mandates.

49. Defendants jointly violated the FLSA with respect to Plaintiffs and similarly situated persons by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for certain hours worked over forty (40) hours in a workweek.

50. Defendants employed Plaintiffs system technicians at all times throughout their employment.

51. Plaintiffs routinely worked in excess of forty (40) hours per week.

52. Plaintiffs should have been paid the overtime premium for all hours worked in excess of forty (40) hours per week.

53. Defendants classified Plaintiffs as non-exempt, hourly employees at all times throughout their employment. Plaintiffs' classification as non-exempt, hourly employees throughout their employment demonstrates Defendants knew or should have known it was required to pay Plaintiffs overtime compensation.

54. Defendants knew or should have known of the overtime payment requirement of the FLSA.

55. Defendants refused and failed to pay Plaintiffs the overtime premium required by the FLSA throughout their employment.

56. Throughout their employment as system technicians for Defendants, Defendants have knowingly and willfully failed to pay Plaintiffs the overtime wages they were due.

57. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

58.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable. In addition, Plaintiffs seek liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## SECOND CAUSE OF ACTION
## R.C. 4111.03 – UNPAID OVERTIME

59.     All of the preceding paragraphs are realleged as if fully rewritten herein

60.     This claim is brought under Ohio Law.

61.     The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.  See O.R.C. §§ 4111 et seq., *See also*, 29 U.S.C §206(b)

62.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938.  See O.R. C. § 4111.03 (A), *See also*, 29 U.S.C. § 207 (a)(1).

63.     Plaintiffs were covered employees entitled to the Ohio Wage Act's protections

64.     Plaintiffs were not exempt from receiving Ohio Wage Act overtime benefits because they were not exempt "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

65.     Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "learned professional" employees, as that term is defined under the FLSA. See 29 CFR §541.301

66.     Defendants are covered employers required to comply with the Ohio Wage Act's mandates

67.     Defendants violated the Ohio Wage Act with respect to Plaintiffs by failing to compensate them at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

68.     In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

69.     For Defendants' violations of the Ohio Wage Act, Plaintiffs have suffered damages, Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### THIRD CAUSE OF ACTION
### R.C. 4113.15 —OPPA VIOLATION

70.     All of the preceding paragraphs are realleged as if fully rewritten herein.

71.     During relevant times, Defendants were covered by the OPPA and Plaintiffs were employed by Defendant within the meaning of the OPPA.

72.     The OPPA requires Defendants to pay Plaintiffs all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

73. During relevant times, Plaintiffs were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

74. Plaintiffs' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiffs to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## FOURTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

78. During all times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

79. Plaintiffs were covered employees entitled to the protection of the Ohio Wage Act.

80. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiffs by failing to properly maintain accurate records of all hours Plaintiffs worked each workday and within each workweek.

81. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request judgment against the Defendants, jointly and severally, for an Order:

A. Finding that Defendants has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiffs are entitled to prove their hours worked with reasonable estimates;

B. Awarding Plaintiffs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiffs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

D. Awarding Plaintiffs costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E. Awarding Plaintiffs such other and further relief as the Court deems just and proper;

F. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio law;

G. Granting Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/  Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/  Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)