IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACOB RANKIN, *et al.*,

    Plaintiffs,

v.

ECHO 24, INC., *et al.*,

    Defendants.

Case No. 2:17-cv-0006
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 26.) The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the parties and memorialized in the Settlement Agreement, Release, and Waiver ("Agreement") submitted to the Court as Exhibit A to the Joint Motion.

Having reviewed the Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement Agreement, and finds as follows:

1. The proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement Agreement resolves numerous bona fide disputes between the parties including those under the FLSA, and resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is

fair, reasonable, and adequate and in the best interests of the Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation and the stage of the proceedings; the amount, if any, offered in the Settlement; and the experience and views of counsel for the Parties.

2. The Settlement Agreement includes an award of attorney fees of $2,051.00. "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). Additionally, "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." *Id.* at 504. The Court has examined the attorney's fees in this case, and is satisfied that they are reasonable in these circumstances.

3. The Court approves the Settlement Agreement and orders that the Settlement be implemented according to the terms and conditions of the Settlement Agreement and as directed herein.

4. The Court dismisses the claims of Plaintiffs with prejudice and the Counterclaim of Defendant with prejudice, and enters final judgment dismissing the Litigation with prejudice.

5. The Court retains jurisdiction over the Litigation for purposes of administration of the Settlement and enforcement of the Settlement Agreement.

The Court therefore **GRANTS** the parties' Joint Motion for Approval of Settlement (ECF No. 26). The Clerk is **DIRECTED** to enter judgment and remove this case from the Court's active docket.

**IT IS SO ORDERED.**

_____12-8-2017_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**